1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT FOR THE

9

EASTERN DISTRICT OF CALIFORNIA

10

11

DOUGLAS W. HYSELL,

                        1:10-cv-01233-AWI-GBC (PC)

12

        Plaintiff,

                        ORDER GRANTING PLAINTIFF'S
REQUEST FOR EXTENSION OF TIME

13

     v.

                        AND DENYING PLAINTIFF'S REQUEST
FOR RECONSIDERATION

14

ARNOLD SCHWARZENEGGER, et
al,

15

                        (ECF No. 11)

        Defendants.

                        AMENDED COMPLAINT DUE WITHIN

16

_____/

                        THIRTY DAYS

17

       Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42

18

U.S.C. § 1983.  On August 4, 2011, Plaintiff filed a motion requesting an extension of

19

time to file an amended complaint and requesting that the Court reconsider its

20

Screening Order dismissing Plaintiff's Complaint, with leave to amend, for failure to

21

state a claim.

22

       Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from

23

an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as

24

an equitable remedy to prevent manifest injustice and is to be utilized only where

25

extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.

26

2008) (internal quotations marks and citation omitted).  The moving party "must

27

demonstrate both injury and circumstances beyond his control . . . ." Id. (internal

28

quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant

1  part, that Plaintiff show "what new or different facts or circumstances are claimed to

2  exist which did not exist or were not shown upon such prior motion, or what other

3  grounds exist for the motion," and "why the facts or circumstances were not shown at

4  the time of the prior motion."

5      "A motion for reconsideration should not be granted, absent highly unusual

6  circumstances, unless the district court is presented with newly discovered evidence,

7  committed clear error, or if there is an intervening change in the controlling law," and it

8  "may *not* be used to raise arguments or present evidence for the first time when they

9  could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc.

10 v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations

11 marks and citations omitted) (emphasis in original).

12     Plaintiff states that his Complaint should have been screened using the

13 Racketeering Influence Corruption Organization Act and not Section 1983 standards.

14 In it's Screening Order, the Court did analyze Plaintiff's RICO claim using the RICO

15 standard.  (ECF No. 10, pp. 18-20.)  The Court then proceeded to analyze Plaintiff's

16 other claims using the applicable standards.  Plaintiff merely stating that the Court

17 used the wrong standard to screen his complaint does not make it so.  Plaintiff fails to

18 cite any authority for his proposition that the Court should re-screen his Complaint

19 using only the RICO standard.

20     Accordingly, the Court HEREBY finds that:

21     1.     Plaintiff's Motion for Reconsideration is DENIED;

22     2.     Plaintiff's request for an extension of time is GRANTED; and

23     3.     Plaintiff's Amended Complaint is due within thirty days of the date of

24            service of this Order.

25 IT IS SO ORDERED.

26

27 Dated:    August 11, 2011

                                        UNITED STATES MAGISTRATE JUDGE

28