# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS W. HYSELL, | CASE NO. 1:10-cv-01233-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | Doc. 16 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On July 8, 2010, Plaintiff Douglas W. Hysell ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging various violations, namely RICO. Doc. 1. On July 6, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 10. On September 14, 2011, Plaintiff filed a first amended complaint. Doc. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

//
//

**II. Allegations in Plaintiff's First Amended Complaint**

In Plaintiff's first amended complaint, he names thirty-two Defendants and Does Defendants: Matthew Cate, Scott Kernan, James Yates, Dana Allen, Michael Steele, F. Rue, W. Fellows, R. Prokop, R. Spradling, James Wooded, Nathaniel Greene, James Buttle, G. Pbelan, Paul Soares, Jose Andrade, Alfonso Santos, Darrin V. Huckabay, Christine Hudson-Huckabay, Sgt. Oxborrow, C/O Smith, Victor Guerra, Wendy Myers, Roberto Rodriguez, Mary Gellerson, November Erickson, J. Herrera, Mark Sturkey, M. Hodges Wilkins, Nola Grannis, Lateashia Harton, Aaron Shimmin, Ellen Y. Hung, and Does 1-10. Am. Compl. at 1, Doc. 16.

Plaintiff states this is a first amended RICO complaint and cites 18 U.S.C. §§ 1961 et seq. and 18 U.S.C. § 4 Felony Misprison. *Id.* Plaintiff states that his name is Douglas William Hysell known as "Secured Party," and he appends the ® symbol following his name, for a registered trademark. *Id.* at 1-2. In July 2007, Plaintiff was transferred from Mule Creek State Prison ("MCSP") to Pleasant Valley State Prison ("PVSP"). *Id.* at 3. Plaintiff states that when he was transferred Mary Gellerson, J.A. Herrera, Defendant Yates, Defendant Hodges Wilkins, and Defendant Grannis used an underground regulation to confiscate his twenty-six Wicca religion books, oils, incense, and a multi-plug extension cord for candles. *Id.* at 3-4. Plaintiff and inmate William Rouser both practice the Wicca (Pagan) religion and were transferred in retaliation from MCSP to PVSP. *Id.* at 5-6. Plaintiff missed his filing deadline for an appeal to the Ninth Circuit because of the transfer. *Id.* at 6.

On January 25, 2009, Officer Mark Sturkey confiscated his religious oils. *Id.* at 7. On July 2, 2009 and July 3, 2009, Defendants Pbelan, Soares, Santos, and Rodriguez had Plaintiff attacked by another inmate, which placed Plaintiff in C-Status. *Id.* at 8. Plaintiff was assisting inmate Rouser with a court case, and when inmate Rouser was transferred from PVSP, the lawyers would no longer be keeping track of prison staff. *Id.* at 13.

On August 13, 2009, Plaintiff had a rules violation report ("RVR") hearing for the fabricated RVR of disruptive behavior. *Id.* at 14, 18. Defendant Steele was the hearing officer, and Defendant Erickson is Defendant Steele's ex-wife, and Plaintiff has a two million dollar lien against her from when she fabricated an RVR at Defendant Darrin Hackabay's orders. *Id.* at 14. Plaintiff was found

guilty of the RVR, assessed a thirty-day loss of credits, a ninety-day loss of yard and phone, and placed on A/C status. *Id.* All appeals and complaints filed by Plaintiff were arbitrarily screened out. *Id.* at 19. They took over a thousand dollars worth of Plaintiff's property; they reinvest the extorted property back into their corrupt gang; they pay off their liabilities with stolen property; and inmates are paid with artwork and paintings. *Id.* at 21.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. RICO

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1968 allows a private citizen to sue to recover treble damages for injury "by reason of a violation of section 1962," which prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the collection of an unlawful debt. 18 U.S.C. § 1962. A violation of section 1962(c) requires 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985). Furthermore, the plaintiff must actually be injured by the conduct which purportedly violates 18 U.S.C. § 1962. Sedima, 473 U.S. at 496.

The RICO statute enumerates specific acts which constitute predicate acts to satisfy the racketeering activity element. 18 U.S.C. § 1961(1). In the present case, Plaintiff's RICO allegation is confusing at best. Plaintiff alleges that Defendants took over a thousand dollars worth of Plaintiff's property; they reinvest the extorted property back into their corrupt gang; they pay off their liabilities with stolen property; and inmates are paid with artwork and paintings. Am. Compl. at 21, Doc. 16.

In pleading a RICO violation, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face . . . and [the facts] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. In the present case, although Plaintiff states that defendants or CDCR violated 18 U.S.C. § 1962(c), his allegations are vague and conclusory.

An alternative to proving a pattern of racketeering activity is to prove that the enterprise acquired or operated by means of an unlawful debt. 18 U.S.C § 1961(6) defines an unlawful debt as "a debt (A) incurred or contracted in gambling activity which was in violation of the law of the

1  United States, a State or political subdivision thereof, or which is unenforceable under State or
2  Federal law in whole or in part as to principal or interest because of the laws relating to usury, and
3  (B) which was incurred in connection with the business of gambling in violation of the law of the
4  United States, a State or political subdivision thereof, or the business of lending money or a thing
5  of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the
6  enforceable rate." In the present case, Plaintiff fails to sufficiently allege that Defendants operated
7  by means of an unlawful debt as so defined in 18 U.S.C. § 1961(6).

8  Plaintiff fails to state a claim for relief that is plausible on its face or that raises a right to
9  relief above a speculative level.

**B. Misprison of Felony**

11  Plaintiff states that he is pursuing a claim under 18 U.S.C. § 4, which defines the crime of
12  misprision of felony. However, Plaintiff does not state anything else regarding this section. Plaintiff
13  appears to argue that he is bringing this action to report the alleged criminal behavior of prison
14  officials. However, a violation of this criminal statute does not provide for a private right of action
15  by Plaintiff simply because he claims he has been affected by its alleged violation. There is no
16  private cause of action for the alleged violation of 18 U.S.C. § 4 unless the intent to create a private
17  cause of action is expressed in the statute or clearly implied. *See Central Bank of Denver, N.A. v.*
18  *First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994); *Cort v. Ash*, 422 U.S. 66, 79 (1975).
19  Here, neither the statute itself nor any legal authority provides for a private cause of action under 18
20  U.S.C. § 4. *See, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)
21  (concluding that district court properly dismissed claim pursuant to § 242 because it is a criminal
22  statute that does not provide a private cause of action); *Cominsky v. FBI*, 2007 WL 2206606 (N.D.
23  Ohio May 29, 2007) (noting that §§ 4 and 242 are criminal statutes and "provide no private right of
24  action"); *Mathews v. Washington Mut. Bank, FA*, 2006 WL 2380460 (E.D. Pa. Aug. 14, 2006)
25  (stating that no right of civil action is created by the plain language of § 4; adding that we can find
26  no court that has concluded that this statute creates any personal right or private remedy). Thus,
27  Plaintiff's claim fails.
28  //

**C. First Amendment Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff's claim challenging his transfer to an alternate institution is not cognizable because it is well established that prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Therefore, Plaintiff fails to allege he was engaged in protected conduct; that such action

chilled the exercise of his First Amendment rights; and that the action did not reasonably advance a legitimate correctional goal. Plaintiff's conclusory allegations of retaliation fail to state a claim.

### D. First Amendment Right to Free Exercise of Religion

The protection of the Free Exercise Clause of the First Amendment is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008), while RLUIPA prohibits prison officials from substantially burdening a prisoner's religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means, *Alvarez v. Hill*, 518 F.3d 1152, 1156 (9th Cir. 2009).

Plaintiff is required to allege sufficient facts to support a plausible claim for relief against each named defendant, which requires more than the mere possibility of misconduct. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969. Plaintiff's amended complaint is devoid of facts supporting a plausible claim against a specific defendant for wrongdoing. It is unclear why the items were confiscated, or whether the confiscation was pursuant to a policy or practice related to religious exercise or to a policy or practice unrelated to religious exercise, such as receipt of mail from an unauthorized vendor, or whether the confiscation was wholly unrelated to any policy or practice, such as a deprivation resulting from theft or negligence. *See Lovelace v. Lee*, 472 F.3d 174, 194 (4th Cir. 2006) (negligence is not sufficient to meet the fault requirement under RLUIPA).

Here, Plaintiff has not alleged facts demonstrating that Defendants have substantially burdened the exercise of his religion. Other than vague allegations of confiscations of property, he does not demonstrate how or why or who is stopping him from practicing his religion. Thus, this claim fails.

### E. Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455

U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff fails to state a § 1983 claim for deprivation of his property. Plaintiff alleges either a negligent or unauthorized intentional deprivation of his property by a state employee. This is not a violation of the Due Process Clause of the Fourteenth Amendment because California provides a meaningful post-deprivation remedy for the loss. *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-17.

**F. First Amendment Right of Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To bring a claim, a prisoner must have suffered an actual injury by being shut out of court. *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff fails to state a claim against any Defendants for First Amendment right to access the courts. Plaintiff has not alleged sufficient facts which indicate that Plaintiff suffered an actual injury by being shut out of court.

**G. Fourteenth Amendment Due Process**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison

1 regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining free from administrative segregation, which precludes him from bringing a due process claim. *Wilkinson*, 545 U.S. at 221; *Sandin*, 515 U.S. at 484; *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Furthermore, Plaintiff has not shown that he was denied the minimal protections he was due under federal law. *Wolff v. McDonnell*, 418 U.S. 539, 563-71, 94 S.Ct. 2963 (1974); *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472.

Moreover, Plaintiff's due process claim challenging his transfer to an alternate institution is not cognizable because it is well established that prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Plaintiff's due process claim fails because he has not identified the existence of a protected liberty interest. Plaintiff's custody level and incarceration at a particular prison do not implicate a protected interest, and the absence of an identifiable interest precludes the finding of a viable due process claim. *Austin*, 545 U.S. at 221.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the violations of due process.

### H. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641,

647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### I. False Reports

To the extent that Plaintiff attempts to allege a liberty interest regarding the submission of false reports against him, he fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon false reports.

### J. Violation of State Prison Rules and Regulations

Plaintiff alleges various violations of state prison rules and regulations. Those violations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under § 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934.

### K. Unrelated Claims and Defendants

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple

defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir.1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), against the same party.

Plaintiff may not pursue, in one action, a litany of claims arising from every event or incident in prison, which Plaintiff believes demonstrates a violation of his rights. Essentially, Plaintiff constructed a laundry list of his complaints about life in prison, with no actual specific facts to link any of the vague and conclusory allegations to any of the named Defendants.

### IV. Plaintiff's First Amended Complaint Fails to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," *Doe I*, 572 F.3d at 681. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949. While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe*, 627 F.3d at 342. Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969. The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Plaintiff's complaint fails to state any claims upon which relief may be granted. The questionable nature of Plaintiff's claims aside, the complaint is devoid of any factual allegations supporting Plaintiff's claims and fails to include any specific allegations linking the acts complained of to the named Defendants. Plaintiff's conclusory allegations of harm do not give rise to any facially

plausible claims for relief. Fed. R. Civ. P. 8(a); *Iqbal* at 1949-50.

## V. Conclusion and Recommendation

Plaintiff's first amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in the claims and granted leave to amend but was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action should be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983; and

2. The Clerk of the Court should be directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: March 30, 2012

UNITED STATES MAGISTRATE JUDGE